**LI PING LIN, also known as Honoca Tanimoto, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0519–ag.

United States Court of Appeals, Second Circuit.

Oct. 6, 2008.

Feng Li, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Mark C. Walters, Assistant Director, Karen Y. Stewart, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Ping Lin, a native and citizen of China, seeks review of the January 17, 2008 order of the BIA affirming the February 1, 2007 decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Ping Lin,* No. A95 673 910 (B.I.A. Jan. 17, 2008), *aff'g* No. A95 673 910 (Immig. Ct. N.Y. City Feb. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly dis-

cussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ We find that the agency's adverse credibility determination is supported by substantial evidence. The IJ based her adverse credibility determination on her observation of Lin's demeanor, specifically noting that she had to be admonished repeatedly for her "exceptionally evasive" testimony. We accord particular deference to such findings. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

The IJ also pointed to internal inconsistencies in Lin's testimony, as well as discrepancies between that testimony and her asylum application. The IJ noted in particular an inconsistency in Lin's testimony regarding the year she learned that her friend began practicing Falun Gong. As the IJ observed, Lin testified that her friend began practicing Falun Gong at the end of 2003, and that she knew this because her friend told her in 1993. After repeated attempts at clarification, Lin maintained that she was told in 2003. When the IJ asked the interpreter if he stood by his original translation, he responded in the affirmative, stating that 1993 was Lin's initial response.

The IJ noted an additional discrepancy in Lin's testimony with respect to when the police arrested her friend and when they came to arrest her. Lin originally testified that her friend was arrested on March 17, 2004, and that the police went to Lin's home to arrest her on April 20, 2004. However, later in the hearing, Lin testified that the police began looking for her only a few days after they arrested her friend in March 2004, which is consistent with the date contained within her asylum application.

■ Although arguably minor, taken together with the IJ's demeanor finding, these inconsistencies provide proper support for the IJ's adverse credibility determination. Taken together, the "cumulative effect" of Lin's inconsistent testimony served to undermine her overall credibility. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir. 2006). Moreover, while Lin attempted to provide "plausible" explanations for these inconsistencies, no reasonable fact-finder would have been "compelled" to accept them. *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Having called Lin's testimony into question, the IJ properly evaluated Lin's evidence, concluding that it did not rehabilitate testimony. *See Biao Yang v. Gonzales,* 496 F.3d 268, 273 (2d Cir.2007) ("[T]he absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

■ Because Lin was properly found not credible, she failed to show the necessary subjective basis for a well-founded fear of future persecution. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004). Thus, the agency's denial of asylum was proper. In addition, Lin's claim for withholding of removal had the same factual predicate as her asylum claim. Thus, the adverse credibility deter-

mination was fatal to that claim as well. *See, e.g., Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006). As the government argues, Lin fails to make any meaningful challenge to the agency's denial of CAT relief. Thus, we deem that claim to have been abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.